## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

MARTA NIEVES-VEGA

Plaintiff,

v.

TEACHERS RETIREMENT SYSTEM

Defendant

CIVIL NO.

RE: ADAAA/RETALIATION
Puerto Rico Law 44 and 115

Plaintiff demands trial by jury

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW,** the plaintiff through the undersigned attorney, and very respectfully states, alleges and prays:

### I.   NATURE OF THE ACTION

This is an action for money damages, injunctive and declaratory relief brought by Plaintiff Marta Nieves-Vega (hereinafter referred to as "Nieves" or "Plaintiff") against her employer the Teachers Retirement System (hereinafter referred to as "TRS" or "the Company"). Nieves brings this action to remedy the deprivation of rights secured under the laws of the United States and Laws of Puerto Rico. On or around the year 2011, Ms. Nieves-Vega began experiencing physical and emotional problems that required Plaintiff to seek leave under the State Insurance Fund Law. As a result the Plaintiff was out of work for several months. Since Nieves returned from said medical leave the TRS, through its officers, have been continually discriminated against her because of a record of a disability and because they perceive Plaintiff as a disable person incapable of

1

performing her tasks and/or any other work, even when she has been completely able to do so. TRS has also failed to reasonably accommodate Plaintiff.

The TRS has gone so far as to at one point in time terminating Ms. Nieves-Vega from her work because they believed that she was not able to work. Plaintiff was only reinstated when she presented clear and unambiguous medical evidence that she was in fact able to work, but once reinstated to her Administrative Assistant position on June 23, 2014, the TRS failed to provide her with any meaningful duties because of their discrimination as a result of a record of her disability, because they perceive her as a person not able to work and because of retaliation for opposing the TRS discriminatory practices against her.

Since July 23, 2014 until recent day, each time Plaintiff reported to her workplace, TRS failed to provide her meaningful duties discriminating and humiliating her before her supervisors and co-workers.  This is a clear continuing violation under the law. Plaintiff have suffered extreme humiliation because TRS has discriminated against her in violation of the Americans with Disabilities Act and also has taken retaliatory actions under the law because since the year 2012 until today Plaintiff has been active internally, administratively and judicially trying to vindicate her rights under the law and opposing TRS acts of disability discrimination and retaliation. As recently as the month of July 2015, Plaintiff had a meeting with the Executive Director of the TRS in which she requested an explanation from her as to why the TRS have permitted this situation to continue, without duties since June 23, 2013 and requesting for a transfer to several available positions at the TRS, to which she was qualified.  The TRS had no reasonable explanation for its actions and the Executive Director stated that the TRS had no position

available for her.

As a result of this last act of discrimination Plaintiff was once again partially hospitalized for two weeks at Hospital Panamericano, was fully hospitalized for four (4) days at the same institution in Cidra, and after those four (4) days she was once again partially hospitalized for two weeks.  The discriminatory treatment and humiliation from the TRS has been so pervasive against Plaintiff, so much so even her supervisor, Mr. José Matos Miranda, wrote a letter to the Human Resources Principal Officer at the TRS on December 2014, stating that on several occasions he has talked to TRS official explaining that at the office that he supervises there is no need for the position that she occupied and that she presented herself every day and there are no duties for him to assign her.  He stated in said letter that Plaintiff went every day to work and spent all day without duties receiving a salary without working.  At the end of said letter Plaintiffs supervisor stated that he knew there was a need for an administrative Assistant like her in other places at TRS and that he is requesting for them to transfer her to an office were Administrative Assistant work is needed.

Notwithstanding the above, the TRS have repeatedly, knowingly and constantly ignore Plaintiff, and the request of her supervisor.  There is no other explanation for the TRS actions other than discrimination and retaliation against her because of the record of my disability, because they perceive her as a disabled person and because of retaliation.  It has gotten so bad to the point that the psychiatrists that has been treating her had express to her that she may have to choose between my physical and emotional wellbeing and my work.

## II.    JURISDICTION

This Honorable Court has jurisdiction over this civil action pursuant to the American with Disabilities Act of 1990 (ADA), 42 USC Section 12101, et. seq., as amended by the ADA Amended Act of 2008 Pub. L. No. 110-325, 122 Stat. 3553 (2008). The supplemental jurisdiction of this Honorable Court under 28 USC Section 1367 is also invoked to entertain claims by Nieves under Puerto Rico Law 44, 1 L.P.R.A. Section 501, et seq., Puerto Rico anti retaliation law 115  The proper venue lies in this district upon 28 USC 1331 and 1367.

Plaintiff timely filed discrimination charges before the Equal Employment Opportunity Commission on August 21, 2015. On January 22, 2016 the EEOC issue the right to sue letter in the above mentioned charges, which was received by Nieves and the undersigned attorneys several days later. Consequently, Plaintiff is filing the present Complaint within the ninety (90) day period required by law.

## III.    PARTIES

1.    Ms. Nieves-Vega is 40 years old and a citizen of Toa Alta, Puerto Rico.

2.    Ms. Nieves-Vega is a career employee of the Teachers Retirement System.

3.    Ms. Nieves-Vega began working at the TRS as a receptionist on 1997.

4.    Ms. Nieves-Vega was promoted to the position of Principal Administrative Assistant around 2001.

5.    The TRS is a government agency of the commonwealth of Puerto Rico with principal offices in San Juan.

6.  TRS had more than 50 employees during any work week from December 1, 2011 until today.

7.  TRS is an employer under the ADAAA and under Puerto Rico Law 44.

## IV.   FACTS

8.    Around the year 2011 Ms. Nievez-Vega began experiencing physical and emotional problems that required her to seek leave under the State Insurance Fund.

9.    TRS was well aware of Ms. Nieves-Vega physical and emotional conditions as well as her ongoing treatment.

10.    Without a request and/or consent of Plaintiff and with her opposition, TRS reclassified her to a new post as Budget Analyst and Tax Matters representative.

11.    This new position assignment was of a higher complexity than the previously rendered functions by Ms. Nieves-Vega.

12.    Ms. Nieves-Vega did not receive any type of training from Defendant for occupying her new post as a Budget Analyst and Tax Matters representative.

13.    While receiving treatment from the State Insurance Fund, Plaintiff requested Reasonable Accommodations pursuant to American with Disabilities Act of 1990 (ADA), 42 USC Section 12101, et. seq., as amended by the ADA Amended Act of 2008 Pub. L. No. 110-325, 122 Stat. 3553 (2008) (herein after referred to as "ADAAA")

14.    During such procedures and treatment by the State Insurance Fund, on August 3rd, 2012 the interim Executive Director, Mr. Edwin Mercado

Brignoni (herein referred ad "Mercado"), notified Nieves of their intention to terminate her employment for an alleged complete mental and physical disability, as determined and perceived by the administration.

15.     Because of her record, Plaintiff was perceived as disabled person incapable of performing her tasks and/or any other work. This alleged disability was determined by extrinsic evidence that does not appear on record.

16.     Ms. Nieves-Vega denied being completely disabled and opposed her termination fiercely.

17.     On September 26th, 2012 Ms. Nieves-Vega was notified of her employment termination arising from her alleged disability, effective on October 31st, 2012.

18.     This determination was based on inconclusive and incomplete information, which failed to justify her alleged complete disability.

19.     On the October 5th, 2012, Ms. Nieves-Vega appealed the above mentioned decision before the Board of Trustee under Section 12.5 et. Seq. of the Employee Regulation of the Teachers Retirement System, the Organic Law for the Teachers Retirement System of the Commonwealth of Puerto Rico, Law 91 of 2004, Law of Uniformed Administrative Procedure, Law 170 of 1998, Law for the Administration of Human Resources of the Commonwealth of Puerto Rico, law 184 of 2004; Law 101-336 of July 26th, 1992,  The Americans With Disabilities Act"; Law 44 of 1985, Law Prohibiting Discrimination in the Workplace for People With Disabilities and Law 115 of

December 20th, 1991, 29 L.P.R.A. sec. 194 et. seq., better known as Law Against Retaliation from Employment.

20.     As result of an agreement between Defendant and Plaintiff, Defendant agreed upon the reinstatement of Ms. Nieves-Vega to her job effective June 23rd, 2014.

21.     Since June 23rd, 2014 Ms. Nieves-Vega began to suffer an extreme pattern of retaliation and discrimination by being left without meaningful duties and failing to adequately address her complaints.     This has resulted in a clear pattern of discrimination as a result of her record of disability, being perceived as a person not able to work.

22.     The above also represents a retaliation practice arising from Ms. Nieves-Vega clear opposition to TRS discriminatory practices against her. Taking into consideration that Ms. Nieves-Vega has been internally, administratively and judicially trying to vindicate her rights under law and opposing TRS acts of disability discrimination and retaliation.

23.     Furthermore, Plaintiff was constantly humiliated in front of her supervisor and co-workers each day by the lack of attention and duties presented by TRS.

24.     This represents a clear and continued violation under ADAAA and Puerto Rico's Law 44, 1 L.P.R.A. Section 501, et seq., Puerto Rico anti retaliation law 115 and Article 1802 and 1803 of the Puerto Rico Code, 31 L.P.R.A. 32 L.P.R.A. 5141 and 5142.

25.     As resent as July 2015, Nieves had a meting with the Human Resources Director of the TRS.

26. In this meeting Nieves requested an explanation as to why the TRS had permitted her reinstallation and have failed to assign her any duties since July 23, 2013 and requested a transfer to several available positions.

27. No reason or explanation was delivered for TRS actions and the Executive Director stated the TRS had no available positions for her.

28. As a result of this act of discrimination, Plaintiff was once again partially hospitalized for two (2) weeks at Hospital Panamericano and since then she has been unable to return to work as a result of her emotional condition.

29. The discriminatory treatment and humiliation from the TRS has been so pervasive against Plaintiff, to the point her direct supervisor, Mr. José Matos Miranda, wrote a letter to the Human Resources principal Officer at the TRS on December 2014, stating that on several occasions he spoke to TRS officials explaining that at the office he supervises there is no need for the position Nieves occupies and that she reports to work each day and spends all day without any duties and receiving a salary without working. At the end of said letter, her supervisor stated that he knows of other places inside the TRS where an Administrative Assistant work was needed.

30. Notwithstanding the above, the TRS has repeatedly, knowingly and consistently ignored Plaintiffs requests and/or the requests by her supervisor, Mr. Matos.

31. There is no other explanation for the TRS actions other than discrimination and retaliation against Nieves because of the record of her

disability, because she is perceived as a disable person and because of clear retaliation against her actions to vindicate her rights as stated by law.

32.     It is extremely damaging and humiliating that after more than 15 years of work for the TRS, Plaintiff is being forced by Defendant to choose between having a meaningful job and her health.

**FIRST CAUSE OF ACTION**
**ADAAA RECORD OF DISABLITY AND DISABILITY**
**DISCRIMINATION IN EMPLOYMENT TERMINATION**

33. Plaintiff reiterates the allegations included in paragraphs 1-33 of this complaint.

34. The ADAAA does not explicitly change the "record of" prong of the disability definition.

35. The EEOC Regulations continues to define a person with a "record of" disability as an "individual [who] has a history of, or has been misclassified as having, a mental of physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k)(1), 74 Fed. Reg. at 48443.

36. The Regulations state, however, that whether an individual has a "record of" disability "shall be construed broadly to the maximum extent permitted by the ADA and should not demand extensive analysis." 29 C.F.R. § 1630.2(k)(2), 74 Fed. Reg. at 48443.

37. Some examples of "record of" disabilities include a person with a past diagnosis of prostate cancer who, after treatment, is told that he "no longer has cancer," 29 C.F.R. § 1630.2(k)(1)(i), 74 Fed. Reg. at 48443, and a person who was misdiagnosed in the past with bipolar disorder and hospitalized because

of what was in actuality a temporary reaction to medication. 29 C.F.R. § 1630.2(k)(1)(ii), 74 Fed. Reg. at 48443.

38. The EEOC also confirms in the Regulations that "coverage under the 'record of' prong ... does not depend on whether an employer relied on a record (e.g., medical, vocational, or other records that list the person as having a disability) in making an employment decision.

39. An employer's knowledge of an individual's past substantially limiting impairment relates to whether the employer engaged in discrimination, not to whether an individual is covered." EEOC Q&A, *supra*, Question 19.

40. The EEOC Regulations also clarify that a "record of" disability will support a failure-to-accommodate claim. 29 C.F.R. § 1630.2(o)(4), 74 Fed. Reg. at 48443; 29 C.F.R. § 1630.9(e), 74 Fed. Reg. at 48444; 29 C.F.R. Part 1630 App., §§ 1630.2(o) and 1630.9(e), 74 Fed. Reg. at 48449.

41.    Nieves was damaged and humiliated, denied the opportunity to have a meaningful job. Plaintiff has been discriminated and retaliated against because of her record of disability, because she is perceived as a disabled person and because of retaliation.

## SECOND CAUSE OF ACTION
## ADAAA FAILURE TO ACCOMMODATE

42. Plaintiff reiterates the allegations included in paragraphs 1-42 of this complaint.

43. TRS failed to consider Nieves accommodation needs.

44. Under the ADAAA *"qualified* individual with a disability" is defined as, "an individual with a disability who, with or without reasonable accommodation,

can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. §12111 (8). Under the ADAAA the analysis as to the qualification of a person for a position is a two-step inquiry. The court first must examine whether the individual satisfies the "requisite skill, experience, education and other job-related requirements" of the position. The court then considers whether the individual "can perform the essential functions of such position" with or without a reasonable accommodation. 29 C.F.R. § 1630.2(m) and 42 U.S.C. § 12111(8).

45. Furthermore, under the ADAAA the term disability is now to be broadly interpreted. The Rules of Construction require that the definition of disability "shall be construed . . . in favor of broad coverage of individuals ... to the maximum extent permitted by the terms of this Act." 42 U.S.C. § 12102(4)(A). The EEOC Regulations are consistent with the Act. 29 C.F.R. § 1630.1(c)(4), 74 Fed. Reg. at 48439; 29 C.F.R. Part 1630 App., Introduction, 74 Fed. Reg. at 48444. *See also Rohr v. Salt River Project Agricultural Improvement and Power District*, 555 F.3d 850, 861 (9th Cir. 2009) ("Beginning in January 2009, "disability" is to be broadly construed and coverage will apply to the "maximum extent" permitted by the ADA and the ADAAA."); *Verhoff v. Time Warner Cable, Inc.*, 299 Fed. Appx. 488, 494 (2008) (unpublished); *Fournier v. Payco Foods Corp.*, 611 F. Supp. 2d 120, 129 n.9 (D.P.R. 2009) ("The overarching purpose of the act is to reinstate the 'broad scope of protection' available under the ADA."); *Kingston v. Ford Meter Box Co., Inc.*, 2009 WL 981333, at *4 n.4 (N.D. Ind. Apr. 10, 2009)

(similar).

46. Nieves has been receiving treatment by psychiatrists who have diagnosed her with Recurrent Mixed Moderate to Severe and Not Controlled, Depressive Disorder.   Nieves disability substantially limited her capacity to sleep, concentrate and to think. Consequently, Nieves is clearly a qualified individual with a disability under the ADAAA.

47.  Under the ADAAA the primary subject "should be whether [covered entities] have complied with their obligations, and to convey that the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis." Pub. L. 110–325, § 2(b)(5), 122 Stat. 3553 (Sep. 25, 2008), set out in the Note to 42 U.S.C. § 12101. CUPEYVILLE denial of Plaintiff's reasonable accommodation request is a violation of the ADAAA and a gross failure to comply with its obligations under the Act.

### THIRD CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### AND DISCRIMINATION CLAIM
### UNDER PUERTO RICO LAW 44

48. Plaintiff reiterates the allegations included in paragraphs 1-48 of this complaint.

49. It is Nieves contention that Defendant failure to accommodate Plaintiff and TSR discriminatory treatment is also in violation under Puerto Rico Act 44.

50.  Nieves has suffered emotional damages, mental anguish and moral damages as a result of Defendant discriminatory employment actions and its failure to accommodate Plaintiff and assign her duties during work hours.  Plaintiff is

being humiliated in front of her supervisor and co-workers each day by the lack of attention and duties presented by TRS.

51. Nieves emotional damages are calculated in an amount not less than $600,000.00, which must be double as required by the statute.

52. Defendant actions are a violation to Puerto Rico Law 44.

## FOURTH CAUSE OF ACTION
## RETALIATION UNDER ADA AND
## PUERTO RICO LAW 115

53. Plaintiff reiterates the allegations included in paragraphs 1-52 of this complaint.

54. Plaintiff incur in protected action by filing claims against the TRS allegind discrimination and after the claim was settle by requiring TRS to comply with its duty under the law to meaningfully accommodate her and meaningfully giving her duties. However, the TRS has continually retaliated against Plaintiff by creating a hostile working environment continuing their actions of preventing Plaintiff from working and meaningfully assigning her duties at work.

55. Nieves emotional damages are calculated in an amount not less than $600,000.00, which must be double as required by the statute.

56. Defendant actions are a violation to ADA retaliation provisions and Puerto Rico law 115.

## REMEDIES

Plaintiff respectfully prays to this Court that after a jury trial judgment be entered

against Defendant and grant Plaintiff as follows:

a.   Award Nieves compensatory damages for her emotional and moral damages and her mental anguish.
b.   Award Nieves back pay.
c.   Award Nieves punitive damages.
d.   Award Plaintiff the costs of this action, including reasonable attorney's fees, costs, and expenses.
e.   Award pre and post judgment interests.
f.   Grant Plaintiff any such further relief as this Honorable Court may deem just, proper and equitable.
g.   Trial by jury is demanded.

### RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this April 20, 2016.

**Frontera Suau Law Offices, PSC**
239 Alterial Hostos Avenue
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-1420
Fax: (787) 763-3286

By: **s/ Juan Manuel Frontera-Suau**
Juan Manuel Frontera-Suau
USDC-PR No. 214905
fronterasuau@hotmail.com